Ernest WILLIAMS, et al., Plaintiffs,

v.

CITY OF PITTSBURGH,
et al., Defendants.

Stephanie Wimbs and Dorothy
Wimbs, Plaintiffs,

v.

SGT. J.A. Kearney, Deputy Sheriff
of Allegheny County, et al.,

Nos. CIV. A. 96–560, CIV. A. 98–229.

United States District Court,
W.D. Pennsylvania.

Dec. 29, 1998.

James W. Carroll, Jr., Tabakin, Carroll & Curtin, Pittsburgh, PA, Timothy P. O'Brien,

Jere Krakoff, Pittsburgh, PA, Witold J. Walczak, American Civil Liberties Union, Pittsburgh, PA, for Ernest Williams, John Immekus, Jenifer Branch, Martha Baskin, Rhonda Thomas May, Jeffrey Lucas, Grinage Wilson, Troy Wilson, John Neidig, George Diggs, Tracy Liller, Lloyd Willacy, Damon Williams, Melvin Marie Williams, Eric Simpson, David Kintu, Eric Jackson, Robert Neubauer, William F. Martin, Arlene Henderson, Danine Kaercher, Emmanuel S. Anthou, Pittsburgh Branch of the National Association for the Advancement of Colored People, ("NAACP"), Parents Against Violence, Dan Johnson, Father Walter Symanski, John Adams, Charles Jackson, Joann Thomas, Amy Schulties, Linda Hufnagel, Terry Long, Louis White, by and through, Joyce White, Brandon Pettus, by and through, Kate Berry, Jonathan Greene, Alonzo Kemp, Kenneth Grimmet, by and through, Regina Brown, Tommy Toe, by and through, Tanya Toe, Emily Hyatt, Leanora Thomas, Marcy Lindley, Barret J. Denmon, Jared Henkel, by and through, Bruce and Diane Henkel, Carol Kunsman, Stephanie Wimbs, Dorothy Wimbs, plaintiffs.

Michael W. Zimecki, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, PA, James W. Carroll, Jr., Tabakin, Carroll & Curtin, Pittsburgh, PA, Timothy P. O'Brien, Jere Krakoff, Pittsburgh, PA, Witold J. Walczak, American Civil Liberties Union, Pittsburgh, PA, for Larnell Bulls, June Bryant, Deforest McArthur, Jeremiah Akbar, plaintiffs.

Melvin L. Vatz, Grossinger, Gordon & Vatz, Pittsburgh, PA, for William Antantis, Consol. plaintiff.

Timothy P. O'Brien, Jere Krakoff, Pittsburgh, PA, for Joan N. Simmons, Consol. plaintiff.

James W. Carroll, Jr., Tabakin, Carroll & Curtin, Pittsburgh, PA, Timothy P. O'Brien, Jere Krakoff, Pittsburgh, PA, Witold J. Walczak, American Civil Liberties Union, Pittsburgh, PA, for Jeffrey S. Honkus, consol. plaintiff.

Timothy P. O'Brien, Jere Krakoff, Pittsburgh, PA, Kathleen K. Spurgeon, Pittsburgh, PA, for Richard Hutson, Danielle Craig, Danetria R. Craig, consol. plaintiffs.

Timothy P. O'Brien, Pittsburgh, PA, for Stephanie Wimbs, Dorothy Wimbs, plaintiffs.

John G. Shorall, II, Howard J. Schulberg, Susan E. Malie, Jacqueline R. Morrow, Brian P. Gabriel, Randall C. Marshall, City of Pittsburgh, Dept. of Law, Pittsburgh, PA, for City of Pittsburgh, Earl Buford, Police Officers, Pittsburgh Police Dept., defendants.

Bryan Campbell, Pittsburgh, PA, for Cardell Brown, Joseph Tongel, Mark Mushinsky, Daniel Pratt, Todd Trivus, Regis Beattie, J.R. Hicky, John D. Johnson, Charles Johnson, Robert Thomas, Charles Deshields, Paul Clark, Kenneth Kohnfelder, Samuel Barrone, Damian Wiles, Edward Synkowski, Joseph Lagalski, Antonio Ciummo, David Cannon, Scot Ober, Timothy Kreger, Anthony Charles, Kevin Ghafoor, Larry Scirotto, Joseph Benz, Rosemary Borelli, John Doe Palmieri, Kevin Gasiorowski, James G. Thiros, Leo O'Neill, III, Anthony Scarpine, Albert Preik, Debbie Eynon, Marianne Puleo, Victor Joseph, Reyne Kacsuta, John Stofesky, Thomas Detemple, John Adams, Samuel Bruni, Michael Johns, Jeff Dean, Michael Fusco, Eugene Hlavac, Jane Doe 4, Pittsburgh Police Sergeant Mullens, Police Officers William Kelsch, Roberts, Hamilton, Varner, Fraternal Order of Police, Fort Pitt Lodge No. 1, Gregory Shank, John Doe Lewis, Chris Morano, John Doe Curley, Joseph Sweeney, Alphonso Evans, Charles Henderson, James Wagner, Katherine Masley, Carlos Jenkins, Bradley Walker, Michael White, David Blahut, Chistopher Balchon, Stacey Cygrymus, Does 1–50, defendants.

Bryan Campbell, Shelley Bould Campbell, Pittsburgh, PA, for Raymond Podvorec, Howard Ommert, Terrance Donnelly.

Stacey F. Vernallis, Robert R. Leight, Jeanette H. Ho, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for Sergeant J.A. Kearney, Deputy Sheriff of Allegheny County, Allegheny County.

Jacqueline R. Morrow, Randall C. Marshall, City of Pittsburgh, Dept. of Law, Pittsburgh, PA, for City of Pittsburgh, defendant.

## MEMORANDUM ORDER

CINDRICH, District Judge.

Dorothy Wimbs has moved for reconsideration of the court's November 20, 1998 Order granting the City of Pittsburgh's, Earl Buford's and Scott Ober's motion for summary judgment against her. Defendants have duly responded.

Wimbs first contends that the decision was unexpected because she believed her claims had been entirely transferred to Magistrate Judge Benson by virtue of an amended complaint in the case arising out of the same incident (originally filed against different defendants), Civil Action No. 98–229, filed before him and Judge Ziegler.

■ As explained in our November 20 Order, the cases admittedly were in an awkward procedural position. One option might have been to order the City's motion for summary judgment to be refiled before Magistrate Judge Benson. Another option we considered just as valid, however, was to decide the motion for summary judgment as part of the *Williams* case. After all, the motion was filed in *Williams,* and the response was filed as part of *Williams* as well. In addition, Wimbs' response was filed, after several reminders from my staff, after she filed her amended complaint in the case before Judge Benson. Having responded in this case, it should not be so unexpected that a ruling would be made as part of this case. Finally, the identity of the judicial officer who decides the motion should make no difference. While there was more than one way to resolve the procedural problem, this is no ground for reconsideration.

■ The United States District Court for the Eastern District of Pennsylvania has written helpfully on the standard for deciding a motion for reconsideration in this circuit.

The United States Court of Appeals for the Third Circuit has held that "[t]he purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F.Supp. 320, 321 (E.D.Pa.1994) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert.*

*denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D.Pa.1992)).

*New Chemic (U.S.), Inc. v. Fine Grinding Corp.,* 948 F.Supp. 17, 18–19 (E.D.Pa.1996). Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

■ As the City points out in its response, many parties who lose motions, especially for failures of proof, seek to offer more evidence and ultimately to overturn their loss through reconsideration, after being instructed by the court on the weaknesses of their case. But motions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions on the grounds advanced by Wimbs hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

■ Wimbs' motion fits none of the categories justifying reconsideration cited above. Even if we were to consider the merits of her

motion, which we are not inclined to do, Wimbs proposes to submit the affidavit of a physician who she says can link her current speech impediment to defendants' conduct that allegedly caused it. What was lacking in her opposition to the motion for summary judgment, however, was proof that she was any more than a bystander to the events in question. Her physician is unlikely to provide such proof.

Her offer to submit her own affidavit about her fear of bodily harm runs counter to the actual presentation of evidence on summary judgment, when the court examined deposition excerpts she submitted, including from her own deposition, without mentioning any potentially unconstitutional conduct directed toward her. *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir.1991) (party cannot submit affidavits to contradict earlier deposition testimony to prevent summary judgment). None of Wimbs' other suggested alternatives to the court's entry of summary judgment is persuasive.

For the foregoing reasons, Wimbs' Motion for Reconsideration of Memorandum Order Dated November 20, 1998 etc., Doc. No. 132, is DENIED in its entirety. A copy of this memorandum order shall also be filed at Civil Action No. 98–229.