**Jesus VELAZQUEZ, Plaintiff,**

v.

**UPMC BEDFORD MEMORIAL HOSPITAL, a subsidiary hospital of the University of Pittsburgh Medical Center, successor-in-interest to Memorial Hospital of Bedford County, and Marc J. Finder, M.D., Defendants.**

No. CIV.A.3:03–235J.

United States District Court,
W.D. Pennsylvania.

Sept. 27, 2004.

Lawrence D. Kerr, Esq., Berk, White-head, Cassol, Feliciani & Kerr, Greens-burg, PA, Daniel P. Stefko, Esq., Pitts-burgh, PA.

Jennifer M. Kirschler, Esq., Dickie, McCamey & Chilcote, Pittsburgh, PA.

Diane Barr Quinlin, Esq., Olszewski & Quinlin, Pittsburgh, PA.

### MEMORANDUM OPINION
### AND ORDER

GIBSON, District Judge.

Before the Court is a Motion for Reconsideration or Certification for Immediate Appeal of Order and Memorandum Opinion, filed July 26, 2004, by Marc J. Finder, M.D. (hereinafter "Defendant"). Specifically, the Defendant seeks reconsideration of the Court's July 26, 2004 Order denying the Defendant's Praecipe for Entry of Non Pros and to dismiss the Plaintiff's claim against the Defendant. The Court determines that based upon the following relevant law and based upon the record in the case *sub judice,* the Motion for Reconsideration is granted.

### DISCUSSION

The United States Court of Appeals for the Third Circuit has held that "[t]he purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin,* 869 F.Supp. 320,

321 (E.D.Pa.1994) (*citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986))(quoted in *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998)). Accordingly, a "district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Williams,* 32 F.Supp.2d at 238; *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993)(*citing Dodge v. Susquehanna Univ.* 796 F.Supp. 829, 830 (M.D.Pa.1992)). Thus, "[d]issatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Burger King Corp. v. New England Hood and Duct Cleaning Co.,* No. 98–3610, 2000 WL 133756 at *2 (E.D.Pa. Feb.4, 2000).

██ District courts grant motions for reconsideration sparingly as there is an interest in finality. *Williams,* 32 F.Supp.2d at 238. As such, motions for reconsideration should be strictly reviewed for the following reasons:

> First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure which provide all the necessary safeguards to promote fair decisions. [And t]hird, broad interpretation of motions for reconsideration is not supported by controlling precedent.

*Williams,* 32 F.Supp.2d at 238. Accordingly, motions for reconsideration are not vehicles whereby parties are "free to relitigate issues [that] the court has already decided." *Id. (citing Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992)).

As the Court has animadverted in its July 26, 2004 Memorandum Opinion, the Court perceives constitutional problems in the retroactive application of the Certificate of Merit provision of the Pennsylvania Rules of Civil Procedure. In particular, the Court shall not infer the intent of the Pennsylvania Supreme Court when such intent is not explicitly declared in the rule or relevant extrinsic evidence. However, as mentioned above, based upon new evidence not previously available and based upon a need to correct a clear error of law, a district court may grant a party's motion for reconsideration.

██ In its motion for reconsideration, the Defendant raises for the first time the Pennsylvania Supreme Court's Order as a basis for the argument that retroactive application of Pennsylvania Rule of Civil Procedure 1042.1 *et seq.* is appropriate. Specifically, the Defendant draws the Court's attention to the Order of Court enacting Pa.R.C.P. 1042.1 through 1042.8, which states: "The new and amended rules shall be applicable to *actions commenced* on or after the effective date of this Order." (Document No. 20, Exhibit A) (emphasis added). Referring specifically to the language "commenced", the Defendant asserts that any lawsuit "commenced" on or after the effective date of the Pennsylvania Supreme Court Order is subject to Rule 1042.3 *Id.; see also Mancini v. Yavorek,* 61 Pa. D & C.4th 1 (Com.Pl. 2003).

The Court observes that in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 1494, 128 L.Ed.2d 229 (1994), the Supreme Court dealt with an issue regarding a statutory amendment creating a federal cause of action for injuries that resulted from nuclear incidents. The statutory amendment provided for jurisdiction over such actions in the federal district court where such nuclear incident oc-

curred. *See* 42 U.S.C. § 2210(n)(2) (cited in *Jordan v. Erschen,* 2003 WL 21653366 at \*2 (Terr.V.I.2003)). Specifically, the amendment provided that "the amendments made ... shall apply to *nuclear incidents occurring before,* during, or after the date of the enactment of this act." 42 U.S.C. § 2214 (*note* ) (emphasis added). The Supreme Court determined that the legislature "unambiguously declared retroactivity". *Jordan,* 2003 WL 21653366, at \*2. The Supreme Court has also determined that language such as "the new provision 'shall apply to all *proceedings pending on or commenced after* the date of enactment' " mandates retroactive application. Quoted in *In re TMI,* 89 F.3d 1106, 1112 (3d Cir.1996) (emphasis added).

In a recent decision, the Supreme Court addressed whether the Foreign Sovereign Immunities Act (FSIA) applies to conduct that occurred prior to its enactment, and before the United States' adoption of the restrictive theory of sovereign immunity. *Republic of Austria v. Altmann,* — U.S. —, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004). Interpreting the following language, "[c]laims of foreign states to immunity should henceforth be decided by courts of the United States and the States in conformity with the principles set forth in this chapter", 28 U.S.C. § 1602, the Supreme Court determined that the FSIA applies to conduct that occurred prior to the enactment of the Act in 1976 and even prior to the adoption by the United States in 1952 of the so-called "restrictive theory" of sovereign immunity. *Id.* Specifically, the Supreme Court held the following:

> Though perhaps not sufficient to satisfy *Landgraf's* 'express command' requirement, 511 U.S., at 280, 114 S.Ct. 1483, 128 L.Ed.2d 229, this language is unambiguous: Immunity 'claims'—not actions protected by immunity, but assertions of immunity to suits arising from those actions—are the relevant conduct regu-

lated by the Act; those claims are 'henceforth' to be decided by the courts .... this language suggests Congress intended courts to resolve *all* such claims 'in conformity with the principles set forth' in the Act, regardless of when the underlying conduct occurred.

*Republic of Austria,* — U.S. at ——— —, 124 S.Ct. at 2252–53. Acknowledging the above interpretations, this Court turns to the language provided by the Pennsylvania Supreme Court in its rule and Order.

Initially, the Court observes that the Pennsylvania Supreme Court did not include language in the rule with regard to whether it applies to facts and/or incidents that give rise to a cause of action occurring before the effective date of the rule. Indeed, even the notes to Pa.R.Civ.P. 1042.3 do not provide any language to that effect. However, the Court also recognizes that the Order referred to by the Defendant does provide that the rule shall be "applicable to *actions commenced* on or after the effective date" of the Order. (emphasis added). Thus, while the Court is mindful that the express language stated in Rule 1042.1 *et seq.* does not speak to the retroactive nature of its application, the Court cannot ignore the Order of the Pennsylvania Supreme Court in its enactment of Rule 1042.1 *et seq.,* whereby it has provided unambiguous language that it is the date that the action commences, not the date that the cause of action accrues, that is the relevant inquiry in applying Rule 1042.1 *et seq.* Thus, given the prospective nature of the language regarding "actions commenced on or after the effective date of this Order", a reasonable construction of Rule 1042.1 *et seq.* is that the Pennsylvania Supreme Court intended for this Rule to apply to all actions *commenced* after the effective date of the Rule. Moreover, the extrinsic evidence offered in the Order

613

serves to resolve any ambiguity created in the silence of Rule 1042.1 *et seq.* (and *notes* thereto) regarding the retroactivity of the application of the Certificate of Merit Rule. Accordingly, the Court grants the Defendant's Motion for Reconsideration.

Pursuant to the Order and Memorandum Opinion, filed July 26, 2004, and the Court's determination of the Defendant's Motion for Reconsideration, the Court holds the following: Pennsylvania Rule of Civil Procedure 1042.3 should be applied to this diversity action as it does not collide with the federal rules, the state law is outcome determinative under *Erie*, and Pa. R.C.P. 1042.3 is a substantive rule[1]. Moreover, the Plaintiff has not complied with Pa.R.C.P. 1042.3 in that he did not file a Certificate of Merit in the case *sub judice*. Accordingly, the Court grants the Defendant's Motion for Reconsideration, and the Court grants the Defendant's Praecipe for Entry of Non Pros pursuant to Pa.R.Civ.P. 1042.3 and Pa.R.Civ.P. 1042.6.

An appropriate order follows.

### ORDER

**AND NOW**, this 27th day of September, 2004, **IT IS HEREBY ORDERED** that in accordance with the Memorandum Opinion, and in consideration of Marc J. Finder's, M.D. (hereinafter "Defendant") Praecipe for Entry of Non Pros, the Plaintiff's Motion to Strike Praecipe for Entry of Judgment of Non Pros, the Defendant's Motion for Reconsideration, and the Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Reconsideration, the Defendant's Motion for Reconsideration is GRANTED.

**IT IS FURTHER ORDERED** that the Defendant's Praecipe for Entry of Non Pros is GRANTED, and the Plaintiff's claim against the Defendant is dismissed. Judgment shall be entered for Defendant Marc J. Finder, M.D.

---

1. The Plaintiff asserts that this Rule is procedural not substantive, however, the Court adopts the reasoning and conclusion regarding this issue set forth in the Memorandum Opinion of July 26, 2004.