Wilfredo **SÁNCHEZ RODRIGUEZ,**
Plaintiff,

v.

**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, et al.,**
Defendants.

**Civil No. 06–1061 (DRD).**

United States District Court,
D. Puerto Rico.

Feb. 11, 2008.

Joy C. Vilardi–Rizzuto, P.R. Department of Justice—Federal Litigation, San Juan, PR, for Defendants.

Wilfredo Sánchez Rodriguez, Penuelas, PR, pro se.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

### I. Procedural Background

Pending before the Court is Wilfredo Sánchez Rodriguez' ("Plaintiff") *Motion for Reconsideration* (Docket No. 35) in the civil case filed by him against the Departamento de Corrección y Rehabilitación, et al., ("Defendants"), pursuant to *42 U.S.C. § 1983.* Following the original complaint (*See* Docket No. 2), Defendants filed a

*Motion to Dismiss* (Docket No. 20) which Plaintiff responded to in an untimely manner (Docket No. 22). The Court subsequently referred Defendants' *Motion to Dismiss* (Docket No. 20) to the Magistrate Judge, who eventually favored a recommendation of dismissal. (Docket No. 27). After carefully considering Plaintiff's *Objection to the Report and Recommendation* (Docket No. 30), the Court entered an order adopting the Magistrate's recommendation. (Docket No. 31). In addition, the Court noted Plaintiff's allegation that due to his lack of understanding of the English language, Plaintiff encountered difficulties opposing the Magistrate's recommendation. In accordance therewith, the Court ordered that translations of all pertinent documents be sent to Plaintiff and granted Plaintiff thirty (30) days to file for reconsideration. (*See* Docket No. 31).

Plaintiff is an inmate at a Maximum Security Prison in Ponce, Puerto Rico. Plaintiff alleged in his original complaint that he has a constitutional right to enjoy daily recreational time outside of his cell and that he is being deprived of this right because he refuses to submit to visual body cavity searches which are mandatory for all inmates when they enter or leave their cells on their way to and/or from the recreational yard. (*See* Docket No. 2). As a result, Plaintiff alleged that he has been unconstitutionally forced to remain in his cell for almost twenty-four (24) hours a day and that this solitary confinement has caused him physical, mental, emotional, psychological and spiritual injuries. (*See* Docket No. 2).

Moreover, Plaintiff asserted that visual body cavity searches are unconstitutional, immoral and a degradation of human dig-

nity. (*See* Docket No. 2). Accordingly, Plaintiff sued co-defendants Miguel A. Pereira and Carlos M. González in their individual as well as their official capacities caused by their enforcement of the performance of such searches.[1] However, after pondered analysis, the Court disagreed with Plaintiff, and found that under the circumstances described by Plaintiff, the searches as performed are not unreasonable and are therefore not barred by the Constitution. (*See* Docket No. 31). Consequently, the Court found that co-defendants Miguel A. Pereira and Carlos M. González are not liable in their individual capacity as they have not deprived Plaintiff of any constitutionally protected rights. (*See* Docket No. 31). Furthermore, the Court found that the Eleventh Amendment bars suit for monetary damages against the Departamento de Corrección y Rehabilitación (an arm of the state) and co-defendants Miguel A. Pereira and Carlos M. González in their official capacity.

Plaintiff supports his *Motion for Reconsideration* (Docket No. 35) by reasserting that he has a constitutional right to enjoy daily recreational time outside of his cell and that he has been deprived of this right because he refuses to submit to visual body cavity searches. Plaintiff further re-alleges that visual body cavity searches are unconstitutional, and that by virtue of enforcing the performance of these allegedly unconstitutional searches, co-defendants Miguel A. Pereira and Carlos M. González are amenable to be sued in their individual capacities under *42 U.S.C. § 1983*. Furthermore, Plaintiff asserts that the Commonwealth of Puerto Rico waived any immunity defenses under the Eleventh Amendment through the dismissal of the

---

**1.** In order to make a cognizable claim under Section 1983, Plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct constitutes a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor,* 451 U.S. 527, 536, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

claims in state court. Finally, Plaintiff asserts that the Spanish translations of the order referring the case to the Magistrate Judge (Docket No. 24) and the Magistrate's *Report and Recommendation* (Docket No. 27) contain more information than the documents he originally received in English, and that the Court should note Plaintiff's ensuing confusion.

After carefully reviewing Plaintiff's *Motion for Reconsideration* (Docket No. 35), the Court finds that Plaintiff does not raise any new argument which entitles him to the relief sought. Consequently, Plaintiff's *Motion for Reconsideration* (Docket No. 35) is hereby **DENIED**. The Court briefly explains.

## II. Standard of Review

■ Motions for reconsideration are generally considered either under Fed. R.Civ.P. 59 or Rule 60, depending on the time such a motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to rehash matters previously litigated and decided by the Court. *Standard Quimica de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R. 1999). These motions are entertained by the courts only if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there exists an intervening change in law. *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir., 1994) *citing F.D.I.C. v. World University, Inc.* 978 F.2d 10, 16 (1st Cir., 1992); *Cherena v. Coors Brewing Com.* 20 F.Supp.2d 282, 286 (D.P.R., 1998); *see also National Metal Finishing Com. v. BarclaysAmerica/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir., 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id.* at 123. See also, *Waye v. First Citizen's National Bank*, 846 F.Supp. 310, 314 n. 3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

In the interest of finality, at least at the district court level, motions for reconsideration should be granted sparingly because parties should not be free to relitigate issues already decided. *Id.* (*citing New Chemic (U.S.), Inc. v. Fine Grinding Corp.*, 948 F.Supp. 17, 18–19 (E.D.Pa. 1996)). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa., 1998). A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna University*, 796 F.Supp. 829, 830 (M.D.Pa., 1992).

A Rule 60(b) motion permits the Court to "relieve a party ... from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule. However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief". *Jinks v. AlliedSignal Inc.*, 250 F.3d 381, 387 (6th Cir.2001) *quoting Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir., 1990). *Emphasis in the original.* This remedy motion is not to be used as a substitute for appeal. *Jinks v. AlliedSignal Inc., supra* at 386, *quoting Greenwood Explorations Ltd. v. Merit Gas & Oil*

*Corp., Inc.,* 837 F.2d 423, 427 (10th Cir., 1988).

### III. Analysis

Plaintiff avers in his *Motion for Reconsideration* (Docket No. 35) that he is being deprived of his constitutional right to enjoy daily recreational time outside of his cell because Defendants do not allow Plaintiff to leave his cell for recreation unless he submits to a visual body cavity search. Plaintiff refuses to submit to visual body cavity searches because he alleges that said searches constitute cruel and unusual punishment and are therefore unconstitutional. As a consequence, Plaintiff avers that he has been unconstitutionally confined to his cell for almost one year. However, Plaintiff has previously hereto submitted these allegations to the Court prior to the consideration (*See* Docket No. 2), and the Court has duly reviewed and rejected them in its previous *Opinion and Order* (Docket No. 31).

█ The Court stated (*See* Docket No. 31) that it is the right to exercise, not recreation, which is protected by the Constitution, and then only when the denial of exercise is such that muscles are allowed to atrophy and the prisoner's health is endangered. *See French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985). Furthermore, the Court also concluded that visual body cavity searches are not prohibited by the Constitution, for not only do inmates have a diminished expectation of privacy, *see Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), but also such searches may be validly needed to preserve internal order and institutional security. *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 128, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *See also Goff v. Nix,* 803 F.2d 358, 370–71 (8th Cir.1986) (Visual body cavity search of segregation unit inmates before and after going to exercise area to prevent passage of contraband held to be constitutional); *Ar-ruda v. Fair,* 710 F.2d 886 (1st Cir.1983) (Validating strip searches of inmates traveling from segregated housing unit to law library, infirmary or visitation room). Plaintiff does not offer any details in his *Motion for Reconsideration* (Docket No. 35) which could lead the Court to conclude that the visual body cavity searches as conducted on Plaintiff are more intrusive or demeaning than those previously deemed to be constitutional by federal courts. Consequently, the visual body cavity searches required to be performed on Plaintiff are not unconstitutional. As stated by the United States Supreme Court,

> Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Moreover, Plaintiff's argument that his twenty-four hour confinement without recreational intermissions constitutes cruel and unusual punishment fails in the instant case because Plaintiff's twenty-four hour confinement is self-imposed due to his refusal to submit to the mandatory searches. (*See* Docket No. 2).

Because the visual body cavity searches described by Plaintiff are not unconstitutional, Plaintiff fails to sustain a valid deprivation of constitutional rights redressable 42 U.S.C. § 1983 against co-defendants Miguel A. Pereira and Carlos M. González in their individual capacity. Furthermore, Plaintiff's contention that the state court's action of dismissing Plaintiff's case in state court constitutes a waiver on behalf of the Commonwealth of Puerto Rico of its well recognized Eleventh Amendment sovereign immunity defense fails to have any basis in law.

As previously stated, motions for reconsideration are extraordinary remedies which are granted sparingly in instances where previously unavailable evidence. is suddenly made available, where there is an intervening change in controlling law, or where the motion should be granted to correct a clear and manifest error of law or fact. *Dodge v. Susquehanna University*, 796 F.Supp. at 830. Plaintiff fails to allege that any of the aforementioned circumstances, nor any other circumstances enumerated in Rule 60(b), justify a reconsideration by the Court. Rather, Plaintiff supports his *Motion for Reconsideration* (Docket No. 35) by restating the same arguments previously raised in the *Complaint* (Docket No. 2), and which the Court already considered, disposed and rejected. As the Western District of Pennsylvania prudently observed, "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F.Supp.2d at 238.

Furthermore, Plaintiff's assertion that the Spanish translations of the Court's order referring the case to the Magistrate Judge (Docket No. 24) and the Magistrate's *Report and Recommendation* (Docket No. 27) seem to be longer than the original documents written in English is duly noted by the Court. However, the Court ordered that such translations be delivered to Plaintiff precisely to assure that Plaintiff ultimately fairly understood all the information contained in the aforementioned documents. The Court further granted Plaintiff thirty additional days to study the translations and file a reconsideration should he find it appropriate. However, even with the benefit of additional time, Plaintiff's *Motion for Reconsideration* (Docket No. 35) merely rehashes the same allegations found in his *Complaint* (Docket No. 2). As such, Plaintiff has failed to convince the Court that he is entitled to a reconsideration of the judgment entered by the Court.

### IV.  Conclusion

In conclusion, Plaintiff has failed to raise any arguments which entitle him to a reconsideration of the judgment. Therefore, Plaintiff's *Motion for Reconsideration* (Docket No. 35) is hereby **DENIED**.

**IT IS SO ORDERED.**