Iris ROSARIO–MÉNDEZ, Plaintiff

v.

HEWLETT PACKARD CARIBE
BV, et al., Defendants.

Civil No. 06–1489 (JAG) (JA).

United States District Court,
D. Puerto Rico.

Aug. 19, 2008.

Luisselle Quinones–Maldonado, Heriberto Guivas–Lorenzo, Guivas & Quinones Law Office, Aguada, PR, for Plaintiff.

Carlos R. Ramirez, Fernando A. Baerga–Ibanez, Curbelo, Baerga & Quintana Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

JUSTO ARENAS, United States Chief Magistrate Judge.

This matter comes before the court on motion by defendant Hewlett Packard Caribe BV ("HP") for partial reconsideration of this court's June 25, 2008, Opinion and Order granting summary judgment to HP on plaintiff Iris Rosario–Mendez' ("plaintiff") claims of retaliation, but otherwise denying HP's motion for summary judgment on plaintiff's claims of sexual harassment. (Docket No. 57.) Having considered the argument of Hewlett Packard Caribe BV, and notwithstanding a lack of opposition, HP's motion for reconsideration is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In a June 25, 2008, Opinion and Order this court ruled that the following actions taken by HP's employee, Miguel Rosario ("Rosario"), amounted to sexual harassment: telling the plaintiff she had a "horny face," that she must be "very good in bed," that she was "lucky, because that nigger [a coworker] must have the balls of a horse"; asking other coworkers in the plaintiff's presence if they wanted a "quickie" with the plaintiff and not to worry because plaintiff was under Rosario's control; and holding his working gown in the shape of a penis and offering it to the plaintiff. (Docket No. 56, at 2–4, 15–18.) The court held that these actions were sufficiently severe and pervasive to alter the conditions of plaintiff's employment. (*Id.* at 13–14.)

This court also held that, regardless of HP's sexual harassment reporting policy, HP was liable for Rosario's actions because it did not act upon plaintiff's initial complaint to her supervisor, José Matías ("Matías"), who was good friends with Ro-

sario. (*Id.* at 19.) This court held that while plaintiff did not name names when asked by Matías, her request that Matías hold a meeting to discuss sexual harassment in the workplace was sufficient to put HP on notice that sexual harassment was an issue. (*Id.* at 20.)

· HP argues this court should reconsider denying HP summary judgment because "[t]here is no evidence in the record to establish that plaintiff's working conditions were altered"; Rosario's comments and actions towards plaintiff were not sufficiently severe or pervasive; and plaintiff's complaint to Matías was insufficient to trigger employer liability. (Docket No. 57, at 10 & 14.)

## II. DISCUSSION

▬ On motion for reconsideration, a movant must show that the court "misapprehended some material fact or point of law" or "that newly discovered evidence (not previously available) has come to light...." *Palmer v. Champion Mortgage,* 465 F.3d 24, 30 (1st Cir.2006). A motion for reconsideration is not a proper vehicle to relitigate or rehash matters already decided by the court. *Sánchez Rodríguez v. Departamento de Corrección y Rehabilitación,* 537 F.Supp.2d 295, 297 (D.P.R.2008); *Villanueva–Méndez v. Nieves Vázquez,* 360 F.Supp.2d 320, 322 (D.P.R.2005).

### A. Severe and Pervasive

In its motion for reconsideration, HP objects to this court's interpretation and application of *Fontánez–Núñez v. Janssen Ortho LLC,* 447 F.3d 50, 57 (1st Cir.2006) and *Valentín–Almeyda v. Municipality of Aguadilla,* 447 F.3d 85, 94 (1st Cir.2006).

#### 1. *Fontánez–Núñez v. Janssen Ortho LLC*

In its motion for summary judgment, HP cited *Fontánez–Núñez v. Janssen Ortho LLC,* 447 F.3d at 57, for the proposition that the First Circuit held there was

no abusive work environment where a "supervisor constantly used vulgar and foul language in [the] employee's presence[.]" (Docket No. 32, at 12.) In its Opinion and Order this court noted that *Fontánez–Núñez v. Janssen Ortho LLC* was distinguishable because the First Circuit held there was no sexual harassment in that case since the vulgar comments and objectionable language were "often directed to many employees in the area." *Id.* at 57. (*See* Docket No. 56, at 17.)

In its motion for reconsideration HP notes that the First Circuit cited several instances where the supervisor in *Fontánez–Núñez v. Janssen Ortho LLC* used foul language and made sexual and gender based harassing comments to the employee or while in his presence. (Docket No. 57, at 12–13.) While that is undoubtedly true, *Fontánez–Núñez v. Janssen Ortho LLC,* 447 F.3d at 53–54, the First Circuit upheld summary judgment for the employer in that case because the supervisor's "purported continued use of objectionable language and vulgar remarks in [the employee's] presence were, according to [the employee], often directed to many employees in the area or described [the supervisor's] own conduct." *Id.* at 57. There has been no showing here that Rosario's comments and conduct were directed at anyone but the plaintiff or that such comments described Rosario's own conduct.

#### 2. *Valentín–Almeyda v. Municipality of Aguadilla*

In its Opinion and Order this court noted that this case more closely resembled *Valentín–Almeyda v. Municipality of Aguadilla,* 447 F.3d at 94, because the supervisor in that case "comment[ed] that plaintiff's legs were 'pretty enough' to have 'hooked over his shoulders'; purposely 'sidl[ed]' up' next to plaintiff; [drove] by plaintiff's house and honk[ed] several times a day; and [left] notes under plain-

tiff's windshield wiper stating that the supervisor owned the plaintiff[.]" (Docket No. 56, at 17.) This court found that "[j]ust as the jury in *Valentín–Almeyda v. Municipality of Aguadilla* found that the supervisor's comments and actions amounted to sexual harassment, so too could a jury in the instant case find that Rosario's comments and actions amounted to sexual harassment." (*Id.* at 17–18.)

HP objects to that comparison because the harasser in question in *Valentín–Almeyda v. Municipality of Aguadilla* was the employee's supervisor, and in this case Rosario is the plaintiff's co-worker. (Docket No. 57, at 13–14.)

In *Valentín–Almeyda v. Municipality of Aguadilla* the First Circuit explained that the jury was entitled to reject the defense's theory that the employee had not been sexually harassed not only because (1) the supervisor engaged in all the aforementioned conduct, but also because (2) the supervisor threatened the employee with negative employment actions if she did not comply with his demands. *Valentín–Almeyda v. Municipality of Aguadilla*, 447 F.3d at 96.

■ In other words, the First Circuit held the jury could have found there was sexual harassment not only because of the supervisor's conduct, which fulfilled the requirements of a claim for hostile work environment, *id.* at 94 (listing elements), but also because of his threats at adverse employment actions if his demands were not met, which fulfilled the requirements of a *quid pro quo* sexual harassment claim. *Id.*; *see also Wills v. Brown Univ.*, 184 F.3d 20, 25 (1st Cir.1999) (citing *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 898 (1st Cir. 1988) (supervisor engages in sexual harassment when he makes some benefit or adverse action dependant on providing sexual favors)).

Therefore, that the harasser in *Valentín–Almeyda v. Municipality of Aguadilla*

was a supervisor, and the one here is a co-worker, is irrelevant for the purposes of establishing whether Rosario's conduct amounted to sexual harassment.

### B. Employer Liability

■ HP contends that plaintiff's request to her supervisor that there be a group discussion about sexual harassment in the workplace did not amount to putting HP on notice of possible sexual harassment in the workplace because plaintiff did not name names when prompted by Matías. That is incorrect.

■ "[A]n employer may be held liable if information of the harassment comes 'to the attention of someone who is reasonably believed to have a duty to pass on the information.'" *Ortiz v. Hyatt Regency Cerromar Beach Hotel, Inc.*, 422 F.Supp.2d 336, 342 (D.P.R.2006) (quoting *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 403 (1st Cir.2002)).

Matías had a duty to notify HP there were problems concerning sexual harassment in the workplace, whether or not the plaintiff named names. Not only did Matías apparently fail in this duty, but he also failed to hold a meeting to discuss sexual harassment as the plaintiff requested. (Docket No. 56, at 3.) HP also ignores the fact that Matías and Rosario, the plaintiff's tormentor, were good friends, not only causing plaintiff some anxiousness about reporting to Matías, but possibly influencing Matías' decisions concerning plaintiff's request. (*Id.*)

HP contends that an employee who alleges being harassed "cannot withstand summary judgment without presenting evidence that he/she provided the employer with **enough information** to reasonably conclude that there was some probability that sexual harassment was taking place. *Juárez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 321 (7th Cir.

1992); *Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 776–77 (6th Cir.1996)." (Docket No. 57, at 15, emphasis in original.) Not only has HP cited no controlling case law to support its proposition, but it has not shown that plaintiff's request to Matías was in fact not enough to put HP on notice there was a problem with sexual harassment in the third shift.

### C.  Altered Working Conditions

While HP contends this court erred in holding plaintiff's working conditions were altered by Rosario's sexual harassment (Docket No. 57, at 10), it neither alleges that this court "misapprehended some material fact or point of law" nor presents any new and previously unavailable evidence, *see Palmer v. Champion Mortgage,* 465 F.3d at 30, but simply rehashes its arguments from its motion for summary judgment. (*See* Docket No. 57, at 10; Docket No. 32, at 14; Docket No. 56, at 14–15.) Therefore, HP's argument that this court erred in finding Rosario's conduct changed plaintiff's working conditions need not be addressed.

### III.  CONCLUSION

The granting of a motion for reconsideration "is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995); *see Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 81–82 (1st Cir.2008). HP has not shown this court misapprehended a point of law regarding the severity and pervasiveness of Rosario's conduct toward the plaintiff, HP's liability concerning that conduct, or changes in plaintiff's working conditions stemming from such conduct. HP has also not presented any previously unavailable evidence to upset the court's pre-vious holding. Therefore, HP's motion for reconsideration is DENIED.

SO ORDERED.