William Anthony COLÓN, Plaintiff

v.

Rubén BLADES, Roberto Morgalo, Martínez, Morgalo & Associates, Defendants.

Rubén Blades, Cross–Plaintiff

v.

Robert Morgalo, in his personal capacity and as owner and member of Martínez, Morgalo & Associates, LLC, Martínez, Morgalo & Associates, LLC, Cross–Defendants.

Robert J. Morgalo, Plaintiff

v.

Rubén Blades, Rubén Blades Productions, Inc., Defendants.

Civil No. 07–1380 (JA).

United States District Court, D. Puerto Rico.

March 31, 2010.

Opinion Denying Reconsideration April 28, 2010.

Jose A. Hernandez–Mayoral, Hernandez Mayoral Law Office, Juan H. Saavedra–Castro, Juan H. Saavedra Castro Law Office, San Juan, PR, for Plaintiff.

Juan M. Frontera–Suau, Frontera Suau Law Office, Israel O. Alicea–Luciano, San Juan, PR, for Defendants and Cross–Defendants.

Pamela D. Gonzalez–Robinson, Eduardo J. Corretjer–Reyes, Roberto Corretjer Piquer Law Office, for Defendants and Cross–Plaintiff.

## OPINION AND ORDER

JUSTO ARENAS, United States Chief Magistrate Judge.

This matter is before the court on motion to dismiss defamation claim for failure to answer interrogatories filed on March 23, 2010 by the defendants Rubén Blades ("Mr. Blades") and Rubén Blades Productions, Inc., ("RBP"). (Docket No. 148.) Plaintiff Roberto Morgalo ("Mr. Morgalo") filed a response on March 26, 2010. (Docket No. 150.) Also on March 26, 2010, Mr. Blades and RBP replied. (Docket No. 151.) For the reasons set forth below, the motion to dismiss the defamation claim is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2008, plaintiff filed an amended complaint to which defendant Blades replied on May 9, 2008. (Docket Nos. 45 & 48.) On June 5, 2008, defendant Blades sought indemnification from Morgalo by filing a cross claim which was amended on July 29, 2008. (Docket Nos. 49 & 56.)

In response to comments allegedly made by the defendant to the media, Morgalo filed a defamation claim against him and his company, Blades Productions, Inc., in the United States District Court for the Southern District of New York on May 1, 2008. The parties agreed to transfer the claim to this

district on August 12, 2008. (Docket No. 58–3.)

On September 2, 2008, Morgalo answered plaintiff's amended complaint as well as the defendant's amended cross claim (Docket Nos. 66 & 67) and on October 17, 2008, defendant answered Morgalo's defamation claim. (Docket No. 73.)

## II. ANALYSIS

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a party ... fails to obey an order to provide ... discovery ... the court where the action is pending may issue further just orders. They may include the following: ... (v) dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(v). However, courts have held that "[d]ismissal as a sanction runs counter to judicial policy favoring the disposition of cases on the merits." *Afreedi v. Bennett,* 517 F.Supp.2d 521, 526–27 (D.Mass.2007) (citing *Velazquez–Rivera v. Sea–Land Serv., Inc.,* 920 F.2d 1072, 1075–76 (1st Cir.1990)). "Nevertheless, 'the law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal.'" *Taylor v. Woods,* 241 F.R.D. 421, 423 (D.R.I. 2006) (quoting *Angulo-Álvarez v. Aponte de la Torre,* 170 F.3d 246, 252 (1st Cir.1999) (quoting *Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir.1990))); *see Guex v. Allmerica Fin. Life Ins. & Annuity Co.,* 146 F.3d 40, 42 (1st Cir.1998) (quoting *Damiani v. R.I. Hosp.,* 704 F.2d 12, 15 (1st Cir.1983)) ("[N]othing in [Rule 37] that states or suggests that the sanction of dismissal can be used only after all the other [available] sanctions ... have been considered and tried.")

■ "When noncompliance with an order occurs, 'the ordering court should consider the totality of [the circumstances] and then choose from the broad universe of available sanctions in effort to fit the punishment to the severity of and circumstances of the violation.'" *Taylor v. Woods,* 241 F.R.D. at 423 (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir.2003)). In assessing what sanction is appropriate, a court must consider: (1) "severity of the violation," (2) "the legitimacy of the party's excuse," (3) "repetition of violations," (4) "the deliberateness of the misconduct," (5) "mitigating excuses," (6) "prejudice to the other side and to the operations of the court," and (7) "the adequacy of lesser sanctions." *Afreedi v. Bennett,* 517 F.Supp.2d at 527 (citing *Benitez–Garcia v. Gonzalez–Vega,* 468 F.3d 1, 5 (1st Cir.2006)).

On January 22, 2010, Mr. Blades served on Mr. Morgalo a second set of interrogatories specifically targeting the defamation claim and damages. The answers were due on February 22, 2010. Apparently, during a telephone conference held on February 23, 2010, Mr. Morgalo was told to answer the interrogatories by March 20, 2010. At a March 1, 2010 hearing, Morgalo agreed that he would answer the interrogatories by (Saturday) March 20, 2010. There was no indication during the conference and at the discovery hearing that the interrogatories would not be answered or that there would be an objection to the same based upon their exceeding 25 interrogatories. Mr. Morgalo's response to the motion to dismiss relates that the second set of interrogatories contained 46 interrogatories and 59 subsections were initially objected to on February 18, 2010, but it was agreed at the hearing held on March 1, 2010 that the same would be answered by March 22, 2010. (Docket No. 150, at 2, ¶ 5.) Mr. Morgalo claims that because of a confusion, the interrogatories were answered a day later, on March 23, 2010. (*Id.* ¶ 6.) Monday, March 22, 2010, was a local holiday. Therefore the answers were delivered on March 23, 2010.

Mr. Blades stresses in his reply that the answers were due on March 20, 2010. (Docket No. 151, at 1–2, ¶ 1.) Apart from the tardiness argument, Mr. Blades notes that the answers to interrogatories are incomplete, evasive and inadequate, as well as replete with unjustified objections. (*Id.* at 2, ¶ 3.) Mr. Blades argues that the answers of March 23, 2010 should be treated as a refusal to answer, amounting to malfeasance, willful and contumacious conduct and warranting the sanction of dismissal. (*Id.* at 3, ¶ 7.)

■ It is clear that Mr. Morgalo has waived objection to the interrogatories, first by not objecting in a timely manner and then by selectively answering the interrogatories he wished to answer, in this case, the first 19. *See* Fed.R.Civ.P. 33(b)(1)(4); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1 (3d ed.); *see, e.g., Allahverdi v. Regents of Univ. of N.M.,* 228 F.R.D. 696, 698 (D.N.M.2005). An oversight resulting in a one or two day delay in answering interrogatories would not ordinarily trigger a severe sanction. But here there is more. The parties and the court expected the interrogatories to be answered. A protective order was never sought by Mr. Morgalo to limit the number of interrogatories he was to answer. *See Herdlein Tech., Inc. v. Century Contractors,* 147 F.R.D. 103, 104 (W.D.N.C.1993); *Casson Const. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 378 (D.C.Kan.1980). While it may have been more appropriate for leave to be sought from the court by Blades before propounding the interrogatories, the fact that there are two parties being sued by Mr. Morgalo would double the normal limit of 25 written interrogatories generally allowed. Fed.R.Civ.P. 33(a)(1). In this case, I have gone through the interrogatories. Generally, Mr. Morgalo simply and conveniently stopped after the first 19. Mr. Morgalo's disappointing cardinal conduct results in unnecessary added expenses and delay in an already protracted case which is approaching a plenary trial and a default judgment. This myopic selective litigation tactic which violates a clearly defined discovery rule invites no sanction more appropriate than dismissal of the defamation claim. *See, e.g., United States v. One 1987 BMW 325,* 985 F.2d 655, 657 (1st Cir.1993); *Ortiz–Rivera v. Mun. Gov't of Toa Alta,* 214 F.R.D. 51, 57 (D.P.R. 2003). Morgalo filed no timely objection to the interrogatories, resulting in a clear waiver. He made no demand for a protective order. Finally, he selectively chose which interrogatories to answer rather than requesting Blades to choose within what Morgalo considered the arguably allotted number. The grounds for objection announced on March 23, 2010 could have been announced in late January, 2010. Morgalo's conduct in skirting answers 20 and above is at best contumacious, and at most contumelious. There is no legitimate excuse for answering the interrogatories in the fashion they were answered.

## III. CONCLUSION

In view of the above, Mr. Morgalo's defamation claim against defendants Rubén Blades and Rubén Blades Productions, Inc. is hereby DISMISSED.

## *OPINION AND ORDER*

JUSTO ARENAS, United States Chief Magistrate Judge.

This matter is before the court on motion for reconsideration of the March 31, 2010 Opinion and Order, filed by Robert J. Morgalo ("Mr. Morgalo") on April 13, 2010, which motion was opposed by Rubén Blades ("Mr. Blades") and Rubén Blades Productions, Inc., ("RBP") on April 16, 2010. (Docket Nos. 154, 167 & 173.) For the reasons set forth below, Mr. Morgalo's motion for reconsideration is DENIED.

## I. BACKGROUND

On March 23, 2010, Mr. Blades and RBP moved to dismiss Mr. Morgalo's defamation claim for failing to answer and/or object to the second set of interrogatories. (Docket No. 148.) The motion to dismiss was granted on March 31, 2010. (Docket No. 154.) On April 13, 2010, Mr. Morgalo filed a motion for reconsideration. (Docket 167.) Mr. Morgalo argues that dismissal of the defamation claim was not warranted because: (1) his actions did not amount to contumelious behavior; (2) he was not given any notice of the consequences for not answering the interrogatories to either Mr. Blades or the court's satisfaction; (3) the court did not analyze whether lesser sanctions were more appropriate. (*Id.* at 5, 7 & 8.) The motion for reconsideration was opposed by Mr. Blades on April 16, 2010. (Docket No. 173.) In essence, Mr. Blades contends that Mr. Morgalo's motion is unjustified and should be denied because it does not meet any of the standards for a motion for reconsideration. (*Id.* at 1–2.)

## II.  STANDARD OF REVIEW

"[M]otions for reconsideration should be granted sparingly because parties should not be free to re-litigate issues a court has previously decided." *Silva Rivera v. State Ins. Fund Corp.*, 488 F.Supp.2d 72, 78 (D.P.R.2007) (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998)). "A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion*, 537 F.Supp.2d 295, 297 (D.P.R. 2008) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992)).

## III.  ANALYSIS

Mr. Morgalo argues that the court should not have dismissed the defamation claim because: (1) the interrogatories were not produced on the agreed date; (2) only 19 interrogatories were answered. (Docket No. 167, at 4.) Mr. Morgalo claims that these alleged transgressions should not have been taken in whole or in part as an intention on his behalf to refuse to answer or subvert the court's order, which according to him was non-existent. (*Id.* at 4–5, at 5, n. 3.) Mr. Morgalo, therefore, believes that dismissal was not appropriate because there was not a pattern of extreme behavior present in this case. (*Id.* at 5.) Contrariwise, Mr. Morgalo claims that he has provided all the information that has been requested from him by the other parties. (*Id.*)

Mr. Blades, on the other hand, contends that the court has not erred in dismissing the defamation claim because Mr. Morgalo's failure to respond to the interrogatories on time was predicated on willful defiance and/or gross indifference to the court's order. (Docket No. 173, at 5.) According to Mr. Blades the answers to the interrogatories were untimely and even after supplementation remained seriously deficient, false and cryptic. (*Id.* at 5–6.) Mr. Blades claims that Mr. Morgalo has failed to provide relevant documents and names of witnesses, thereby

severely affecting his efforts to prepare for trial. (*Id.* at 7.)

It is well settled that "[d]ismissal ... [is one of the] most severe penalties that may be ordered against a recalcitrant party." *Ruiz–Rosa v. Rullan*, 485 F.3d 150, 154 (1st Cir.2007) (citing *Benitez–Garcia v. Gonzalez–Vega*, 468 F.3d 1, 4 (1st Cir.2006)). In determining whether dismissal is warranted, courts must consider all of the aspects of the case including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir.2007) (quoting *Benitez–Garcia v. Gonzalez–Vega*, 468 F.3d at 5 (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2–3 (1st Cir.1996))).

According to Mr. Morgalo, dismissal based on a single fault, as the one committed by him, is not warranted. (Docket No. 167, at 6.) Mr. Morgalo's argument is, however, contradicted by the record since it shows that he has repeatedly failed to comply with his discovery obligations. Mr. Morgalo was served with a first set of interrogatories and requests for production of documents on December 3, 2008. (Docket 173, at 8, ¶ 6.) After attempts to obtain the discovery sought, Mr. Blades filed a motion to compel against Mr. Morgalo on March 20, 2009. (Docket No. 93.) Mr. Blades' motion was granted by the court on May 12, 2009. (Docket No. 101.) The interrogatories, Mr. Blades claims, were answered on May 18, 2009. However, according to Mr. Blades the answers served by Mr. Morgalo were incomplete. (Docket No. 173, at 9, ¶ 10.) Mr. Blades claims that although the answers were later supplemented on September 15, 2009, no documents were produced. (*Id.* at 9, ¶ 12.) As a result, a motion to compel was filed by Mr. Blades requesting that the court order Mr. Morgalo to produce the documents that had been requested. (Docket No. 119.) The motion to compel was eventually granted. (Docket No. 145.) On January 22, 2010, Mr. Morgalo was served with a second set of interrogatories. (Docket No. 173, at 9, ¶ 14.) However, since

Mr. Morgalo's answers were untimely and incomplete, Mr. Blades filed a motion to dismiss on March 23, 2010. (Docket No. 148.) On March 31, 2010, Mr. Blades' motion was granted. (Docket No. 154.)

■ The procedural background shows that all throughout this case Mr. Morgalo has been attempting to circumvent the court's orders in order to unjustifiably delay the proceedings. Mr. Morgalo's conduct cannot be considered as " 'isolated incidents' [that would serve as a] plausible excusatory circumstance...." *Robledo–Rivera v. Cartagena*, 233 F.R.D. 236, 238 (D.P.R.2005) (citing *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 (1st Cir.2009)). The fact that there was not a written order compelling Mr. Morgalo to answer the second set of interrogatories does not mean that he had the right to disregard his discovery obligations. During the discovery hearing held on March 1, 2010, the parties informed the court that they had agreed on a date to answer the interrogatories. Thus, the court was entitled to expect the interrogatories to be answered on the agreed date. *Cintron–Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 526 (1st Cir.2002) ("[w]hen a litigant ... proposes a compliance date, the court is entitled to expect that the litigant will meet its self-imposed deadline") (quoting *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 47 (1st Cir.2002)); *see Young v. Gordon*, 330 F.3d 76, 81–82 (1st Cir.2003) (affirming district court's sanction of dismissal for, inter alia, noncompliance with courts orders and failing to meet self-imposed deadlines). The court cannot simply turn a blind eye to Mr. Morgalo's litigation tactics. To do so would allow Mr. Morgalo to determine at its own convenience the pace on how discovery should proceed. That will not happen.

■ As to Mr. Morgalo's contention that the lack of notice before dismissing the defamation claim serves as a mitigating factor, I find that it is unpersuasive. In the Opinion and Order of March 19, 2010, the court warned Mr. Morgalo that dismissal was an available sanction for failing to comply with a discovery request. (Docket No. 154, at 3.) Although the warning might not have been

as explicit as Mr. Morgalo would have wanted, it does not mean that he was not aware that dismissal was out of the question. *Garcia–Perez v. Hosp. Metropolitano*, 597 F.3d 6, 9 (1st Cir.2010). Based on the fact that Mr. Morgalo's discovery violations resulted in two motions to compel and that trial is scheduled for May 17, 2010, he had adequate notice that his failure to answer the second set of interrogatories in a proper and timely manner would lead to sanctions, including the dismissal of the defamation claim. *Garcia–Perez v. Hosp. Metropolitano*, 597 F.3d at 9 (quoting *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 50 n. 5 (1st Cir.2003)). The court does not have the "obligation to play nursemaid to indifferent parties." *Pinto v. U.P.R.*, 895 F.2d 18, 19 (1st Cir.1990). Consequently, the court was not required to consider a lesser sanction before dismissing his claim. *Torres–Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir.2005) (when a litigant has been forewarned of the consequences of disregarding an order, "the court need not exhaust less toxic sanctions before dismissing a case ...."). If a lesser sanction had been imposed, it would have shrunk the court's duty to "secure the just, speedy, and inexpensive determination of every action." *Dyno Nobel, Inc. v. Amotech Corp.*, 63 F.Supp.2d 140, 144 (D.P.R.1999) (quoting Fed.R.Civ.P. 1); *see Figueroa Ruiz v. Alegria*, 896 F.2d 645, 649 (1st Cir.1990); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 109–10 (1st Cir.1998). Mr. Morgalo has failed to show entitlement to the relief sought.

## IV. CONCLUSION

For the reasons set forth above, Mr. Morgalo's motion for reconsideration is hereby DENIED.