**Rafael SILVA RIVERA,
et al., Plaintiffs**

v.

**STATE INSURANCE FUND
CORPORATION, et al.,
Defendants.**

**Civil No. 03–1727(DRD).**

United States District Court,
D. Puerto Rico.

April 26, 2007.

---

John F. Nevares, John F. Nevares & Assoc. PSC, San Juan, PR, for Plaintiffs.

Jo–Ann Estades–Boyer, Prado, Nunez & Associates, PSC, Jose Enrico Valenzuela–Alvarado, Department of Justice Office of the Solicitor General, Juan M. Rivera–Gonzalez, Ruben A. Rivera–Rosa, Sanchez Betances Sifre Munoz Noya & Rivera Law Offices, PSC, San Juan, PR, for Defendants.

## AMENDED OPINION AND ORDER NUNC PRO TUNC

DOMINGUEZ, District Judge.

Pending before the Court is Plaintiffs' Motion for Reconsideration of Judgment and/or to Alter or Amend Judgment (Docket No. 63), filed on August 14, 2006 and Defendant's Response in Opposition (Docket No. 71) filed on September 11, 2006.

■ Plaintiffs aver that the res judicata and/or collateral estoppel doctrines do not preclude their civil rights claims in the instant federal action and consequently that the Court erred when it found that the England Reservation Constitutional[1]

doctrine was applicable to the instant case and further that the Court considered arguments based on Plaintiffs' failure to present evidence without ever allowing them to conduct discovery. Plaintiffs focused mainly in the fact that the hearing officer in the pretermination hearing was not a neutral party. For said reason, Plaintiffs request the Court to vacate its Order and Judgement (Docket entries No. 60 & 61) and ultimately deny Defendants' Motion for Summary Judgment.

However, Defendants aver that Plaintiffs are using their motion as a vehicle to relitigate and/or rehash matters that have already been litigated, considered and decided by the Court and that they are trying to gratify their errors of noncompliance and failure to controvert the essential material facts. Defendants further state that since the disciplinary hearings were conducted by neutral adjudicators, the administrative proceedings were made in a judicial capacity. Moreover, Defendants aver that the voluntary submission to the proceedings and the subsequent failure to appeal the decisions confer preclusive effect upon Plaintiffs' federal claims particularly as to collateral estoppel of facts adjudicated at State level decisions. Finally, Defendants aver that since Plaintiffs' claims were not sustained by "wrongful" evidence, the Court did not err in granting summary judgment in Defendants', nor did it err by dismissing the entire case with prejudice. For said reasons, Defendants contend that the Court should deny Plaintiffs' Motion to Alter or Amend Judgment, and sustain its Opinion and Judgment.

---

1. England Reserve doctrine constitutes a jurisdictional matter which may be raised at any time by any party or by the Court. Should the Reserve not be timely made, the Court may have to dismiss on abstention doctrines or may find that the State Court has already decided the controversy and/or the Federal Court is barred from entering into the case based on *res judicata* principles. *See Barreto Rosa v. Varona–Mendez,* 393 F.Supp.2d 122, 126–133 (D.P.R.2005)

The Court reconsiders not because the designated official was not neutral but because of the nature of a pretermination hearing as set forth by the United States Supreme Court and followed by the Puerto Rico Supreme Court. The Court briefly explains.

## I. FACTUAL BACKGROUND

On July 1, 2003 plaintiffs Rafael Silva Rivera and his wife, Joanne Fabricio Fernández, filed a complaint for injunctive relief, declaratory judgment, compensatory and punitive damages pursuant to 42 U.S.C. § 1983. The plaintiffs allege that their constitutional rights to freedom of speech and association were violated due to having been discriminated against because of their political affiliations. In addition, plaintiffs aver violations to the equal protection of the laws and due process of law, protected by the First, Fifth, and Fourteenth Amendments to the Constitution of the United States, as well as by the Article II, Sections 1, 6, and 7 of the Constitution of the Commonwealth of Puerto Rico. Plaintiffs also contend that these rights were infringed when the hearings granted to them by Defendants were merely informal, non-adversarial, administrative proceedings held by the agency itself which, in turn, merely afforded Mr. Silva Rivera the opportunity to present evidence to contradict his employer's purported reasons for dismissal.

Pursuant to the complaint, the alleged Constitutional violations then became evident when the outcome of these hearings became known. The administrative hearings resulted in a recommendation to the head of the agency, from a hearing examiner, terminating Mr. Silva Rivera from his employment for disciplinary reasons. Subsequently, the administrator followed the recommendation of the pretermination officer. The plaintiffs state that the administrative procedure cannot be binding in as much as an interested party, his employer, remains the ultimate decision-maker. Plaintiffs also allege that the Defendants are liable under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, since Mr. Silva Rivera was deprived of his functions and responsibilities as a career employee, and, as a result, he felt segregated and humiliated in front of other employees. Plaintiffs allegedly suffered great physical, moral, and mental distress. Subsequently, the defendants filed a motion for summary judgment asserting the applicability of the doctrines of res judicata and/or collateral estoppel, thus, barring plaintiffs' civil rights claims in the instant case.

On May 10, 2006, the Court issued an order (Docket No.52) referring this matter to then Magistrate Judge Gustavo Gelpí (now District Judge) for his Report and Recommendation ("R & R"). Magistrate Judge Gelpí, in turn, issued his R & R on May 11, 2006 (Docket No. 53) recommending that Defendants' Motion for Summary Judgment be granted and that the case be dismissed. The Report and Recommendation was objected by Plaintiff on May 25, 2006 (Docket No. 54), Defendants Responded on June 15, 2006 (Docket No. 58). Subsequently, on July 31, 2006, the Court entered an Opinion and Order (Docket No. 60), adopting the Magistrate Judge's Report and Recommendation, thereby granting Defendants' Motion for Summary Judgment and dismissing the federal claims with prejudice and the state claims without prejudice.

## II. STANDARD OF REVIEW

Motions for reconsideration are generally considered either under Rules 59 or 60 of the Fed.R.Civ.P., depending on the time such motion is served. *Perez–Perez v. Popular Leasing Rental, Inc.,* 993

F.2d 281, 284 (1st Cir.1993). It is settled that "[a] motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.' " *Marks 3 Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc.,* 455 F.3d 7, 15–16 (1st Cir.2006)(*emphasis ours* ). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *Standard Quimica De Venezuela v. Central Hispano International, Inc.,* 189 F.R.D. 202, n.4 (D.P.R.1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (*citing F.D.I.C. Ins. Corp. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir. 1992)); *Cherena v. Coors Brewing Com.,* 20 F.Supp.2d 282, 286 (D.P.R.1998); *see also National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 124 (1st Cir.1990). "Rule 59 motions are 'aimed at *re* consideration, not initial consideration.' " *Federal Deposit Insurance Corporation v. World University Inc.,* 978 F.2d 10, 16 (1st Cir.1992)(*citations omitted* ). "Thus, parties should not use them to 'raise arguments which could, and should, have been made before judgment issued.' " *Id.* (*citation omitted* ). "Motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* (*citation omitted* ). "They may not be used to argue a new legal theory." *Id.* Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Id.* at 123. *See also, Waye v. First Citizen's National Bank,* 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994) (A motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

■ The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Colo.1997); *Hatfield v. Board of County Comm'rs for Converse County,* 52 F.3d 858, 861 (10th Cir.1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued. *Id.*

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

[M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions ... hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

*Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Penn.1998).

■ Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has previously decided. *Id.* (*citing New Chemic (U.S.), Inc. v. Fine Grinding Corp.,* 948 F.Supp. 17, 18–19 (E.D.Pa.1996)). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams,* 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Dodge v. Susquehanna University,* 796 F.Supp. 829, 830 (M.D.Pa. 1992).

■ Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." *Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected.'" *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d at 259; *Nat'l Metal Finishing Co.,* 899 F.2d at 123; Gueits–*Colon v. Fraticelli–Viera,* 181 F.Supp.2d 48, 49 (D.P.R.2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly.'"** *Trabal Hernandez,* 230 F.Supp.2d at 259; *Nat'l Metal Finishing Co.,* 899 F.2d at 123; and are **"typically denied,"** 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 2810.1 (2006). (*Emphasis added* ).

■ A Rule 60(b) motion permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule. However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal Inc.,* 250 F.3d at 387 (*Emphasis in the original* )(*quoting Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)). This remedy motion is not to be used as a substitute for appeal. *Jinks v. AlliedSignal Inc.,* 250 F.3d 381, 386 (*quoting Greenwood Explorations Ltd. v. Merit Gas & Oil Corp., Inc.,* 837 F.2d 423, 427 (10th Cir.1988)).

### III. ANALYSIS

After carefully considering the instant case's record it is the Court's conclusion that Plaintiff's *Motion for Reconsideration* (Docket No. 63) must be **GRANTED.**

Plaintiffs averred in their Opposition to the Magistrate Judge's Report and Recommendation (Docket No. 54) the following allegations: 1) Since Defendants' did not make any allegations pursuant to the England Reservation Doctrine in the their Motion for Summary Judgment, said allegations were waived; 2) Since the pretermination hearing should not be considered as a judicial like proceeding and exhaustion of administrative remedies is not necessarily required to pursue a civil rights claim under the First Amendment, the collateral estoppel doctrine does not apply to the instant case; 3) Since discovery proceedings had not yet been conducted, Plaintiffs were unable to adequately controvert Defendants' Motion for Summary Judgment. In Plaintiffs' Motion for Reconsideration (Docket No. 63) they averred the following allegations: 1) That the resjudicata and/or collateral estoppel doctrines do not preclude their civil rights claims in the instant federal action; 2) That the Court erred when it found that

the England Reservation was applicable to the instant case; 3) That the Court considered arguments based on Plaintiffs' failure to present evidence without ever allowing them to conduct discovery.

Although the arguments of Plaintiff constitute in part a rehashing, Plaintiff clarifies to the Court that the hearing granted by Defendants to plaintiff, Silva Rivera, constituted a pretermination hearing as opposed to a hearing challenging the final determination to terminate his employment which was officially made by the administrator several days after the pretermination hearing. The Court adds that a pre-termination hearing constitutes merely a "notice and opportunity for hearing appropriate to the nature of the case" prior to a deprivation of life liberty or property. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985)(*citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). " '[T]he root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing **before he is deprived** of any significant property interest.' ". *Cleveland Board of Education,* 470 U.S. at 542, 105 S.Ct. 1487 (*emphasis ours*) (*citing Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)(*emphasis omitted*). The enunciated principle of pretermination hearings, requires " 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Board of Education,* 470 U.S. at 542, 105 S.Ct. 1487 (*citing Board of Regents v. Roth,* 408 U.S., 564, 569–570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The property interest involved constitutes **the career employee status,** as is enjoyed by plaintiff, Rafael Silva Rivera.(As determined by both pretermination

examiners, Cecile Sola Placa and Jesse Pou Rivera, one acting in the suspension of employment of Plaintiff relating to facts occurred on March 1, 2001 (Mrs. Sola Placa) and the other, Mr. Pou Rivera, acting as pre-termination examining officer relating to Plaintiff's termination of employment for acts occurring in October 8, 2002. *See* Docket No. 40, Exhibit 5 (Sola Placa) and Exhibit 11 (Pou Rivera)). The purpose of a pre-termination hearing is to provide notice and "some opportunity for the employee to present his side of the case ...", to review if "the appropriateness or necessity of the discharge may not be [necessary]" and further to provide a "meaningful opportunity to invoke the discretion of the decision maker is likely to be before the termination takes effect." *Cleveland Board of Education,* 470 U.S. at 543, 105 S.Ct. 1487 (*emphasis ours*)(*citing Califano v. Yamasaki,* 442 U.S. 682, 686, 99 S.Ct. 2545, 2550, 61 L.Ed.2d 176 (1979), *Goss v. Lopez,* 419 U.S., at 583–584, 95 S.Ct., at 740–741 and *Gagnon v. Scarpelli,* 411 U.S. 778, 784–786, 93 S.Ct. 1756, 1760–1761, 36 L.Ed.2d 656 (1973)). Furthermore " 'effective notice and informal hearing permitting the [employee] to give his version of the events will provide a meaningful hedge against erroneous action. At least the [employer] will be alerted to the existence of disputes about facts and arguments about cause and effect.... [H]is discretion will be more informed and we think the risk of error substantially reduced.' " *Cleveland Board of Education,* 470 U.S. at 543, 105 S.Ct. 1487, FN 8 (*emphasis on original*) (*quoting Goss,* 419 U.S., at 583–584, 95 S.Ct., at 740–741). Moreover, "... the pretermination 'hearing,' though necessary, need not be elaborate." *Cleveland Board of Education,* 470 U.S. at 545, 105 S.Ct. 1487. "In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Cleveland*

*Boar@d of Education*, 470 U.S. at 545, 105 S.Ct. 1487. Hence "... the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the **proposed** action." *Cleveland Board of Education*, 470 U.S. at 545–546, 105 S.Ct. 1487 (*emphasis ours*) (*citing Bell v. Burson*, 402 U.S. 535, 540, 91 S.Ct. 1586, 1590, 29 L.Ed.2d 90 (1971). "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Cleveland Board of Education*, 470 U.S. at 546, 105 S.Ct. 1487. "We conclude that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures ...". *Cleveland Board of Education*, 470 U.S. at 547–548, 105 S.Ct. 1487.[2]

Based on the decisions of examiners Sola Placa and Pou Rivera, it is clear that they engaged in a pretermination informal hearing and both recommended to the administrator that disciplinary procedures should continue and that the Plaintiff be notified of his right to reconsider or seek subsequent review of the decision of the administrator. *See* Docket No. 40, Exhibits 5 and 11 (Pou Rivera also recommended a consolidation of both disciplinary cases). The administrator then proceeded to terminate Silva Rivera on April 25, 2003, after the decision of Pou Rivera was entered on April 11, 2003. *See* Docket No. 40, Exhibit 12.

The administrator also confirmed the prior suspension of employment of plaintiff, Rafael Silva Rivera, by letter dated December 4, 2002 after the hearing officer rendered her recommendation on September 19, 2002. *See* Docket No. 40, Exhibit 6.

The issue before the Court is whether the facts found by the pretermination examining officers, Sola Placa/Pou Rivera, may constitute collateral estoppel. The Court is of the opinion that these facts are not adjudicative facts but facts that the head of the agency may accept or reject. The nature of the hearing is one that is " 'something less' than a full evidentiary hearing ... sufficient prior to [the potential] adverse administrative action." *Cleveland Board of Education*, 470 U.S. at 545, 105 S.Ct. 1487 (*emphasis ours*)(*quoting Mathews v. Eldridge*, 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18 (1979)). Furthermore, "... the pretermination hearing need not definitively resolve the propriety of the discharge." *Cleveland Board of Education*, 470 U.S. at 545, 105 S.Ct. 1487. As a matter of fact the administrator reserved his decision and later chose to follow the recommendation. However, the examining officer did not *a priori* make the decision on behalf of the administrator. The Court agrees with the Defendants that the hearing was non-adversarial, non adjudicatory and informal, where discovery is not available and hence the Court concludes that collateral estoppel is not to be attached.[3]

---

2. The holdings and purposes of the *Cleveland Board of Education* doctrine as herein cited were specifically adopted in Puerto Rico in the case of *William Torres Solano v. Puerto Rico Telephone Company*, 1990 WL 658733 (P.R.).

3. Contrary to Plaintiff's contention, the pretermination hearing does not have to be before a neutral examiner because the hearing may be before "the employer ... such a hearing is 'the only meaningful opportunity to invoke the discretion of the decisionmaker.' " *Feliciano–Angulo v. Rivera–Cruz*, 858 F.2d 40,

Our conclusion that no collateral effect is to be provided to pretermination hearings that are not subsequently appealed has been squarely decided in *Locurto v. Giuliani,* 447 F.3d 159, 171 n. 4 (2nd Cir.2006). The Court in *Locurto* specifically determined that collateral estoppel may not be attached by merely the pretermination hearing standing by itself. Collateral estoppel may be attached by an effective subsequent hearing or appeal taken by the employee. However in the record of the instant case, there is a certification issued by the employer that plaintiff, Silva Rivera, never appealed the termination letter nor the pretermination findings as to his termination. *See* Docket No. 40, Exhibit 13. Since **no** appeal was undertaken from a determination that merely provided him notice and granted him the opportunity to express his position as to the disciplinary measures taken, pursuant to, *Feliciano–Angulo v. Rivera–Cruz,* 858 F.2d 40, 44 (1st Cir.1988) interpreting *Cleveland Board of Education,* 470 U.S. at 545, 105 S.Ct. 1487, no collateral estoppel should be attached to the examining officer's pretermination findings in a non adversarial, non adjudicative hearing where discovery was not authorized. Further and most critical in *Global Naps v. Massachusetts Department of Telecommunications and Energy,* 427 F.3d 34, 44 (1st Cir.2005), the Court reiterated the following "federal preclusion principles" (collateral estoppel requirements), which were originally set forth in *Monarch Life Insurance Co., v. Ropes & Gray,* 65 F.3d 973 (1st Cir.1995): "(1) both the ... proceedings involved the same is-

sue of law or fact; **(2) the parties actually litigated the issue in the [prior] proceeding[ ]; (3) the [first] court actually resolved the issue in a final and binding judgment ...; and**(4) its resolution of that issue of law or fact was essential to its judgment (i.e., necessary to its holding)." *(emphasis ours )(Internal quotations omitted ).* The pretermination hearing provided by the Defendants does not comply with the federal preclusion principles set forth in *Monarch Life Insurance Co.,* and reiterated in *Global Naps,* in order for a subsequent Court to attach collateral estoppel doctrines. This conclusion inevitably follows because in the pretermination hearing held in the case of Rafael Silva Rivera, the parties did not litigate the issues nor did the examining officer resolve the issues, he merely **recommended** a course of action to the administrator. The recommendation of the pretermination officer could have been followed in toto, in part or rejected. Therefore, since two of the four aforementioned federal preclusion principles were not satisfied, no preclusion effect should be made.

Since this District Court was not fully cognizant that the facts at the administrative hearing were all within the context of a pretermination hearing, the Court cannot use said facts, to bar Plaintiff from a cause of action under § 1983 based on a termination of employment alleged to be on political grounds. Furthermore, Plaintiff did not engage the administrative wheels by appealing the pretermination hearing, since his termination was **officially subse-**

44 (1st Cir.1988)(*quoting Cleveland Board of Education,* 470 U.S. at 543, 105 S.Ct. 1487). Notwithstanding, the examiners, Sola Placa and Pou Rivera, were not employees of Plaintiff's employer. Furthermore, "it is not required that a hearing be before an 'impartial decisionmaker'. In fact, the hearing may be presided over by the employer himself." *Acosta–Sepulveda v. Hernandez–Purcell,* 889

F.2d 9, 12 (1st Cir.1989)(*citing Feliciano–Angulo,* 858 F.2d at 44).

Perhaps the most glaring example of why a pretermination hearing does not by itself attach collateral estoppel value is that the Supreme Court of the United States has authorized for the employer himself to be the examining officer.

quently notified by the administrator. Moreover, an England Reserve under *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), is inapplicable since the Plaintiff never engaged in the administrative procedures challenging his termination as officially notified after the pretermination hearing.[4]

 The Court therefore, recognizes an error in a factual determination which has been clarified and corrected which constitutes proper grounds for reconsideration as a "manifest error of . . . fact" producing an "error of law" all proper grounds for reconsideration under *Rivera Surillo,* 37 F.3d at 29.[5]

## IV. CONCLUSION

The Court therefore **GRANTS** Plaintiff's *Motion for Reconsideration* (Docket No. 63), finding no collateral estoppel facts, barring a § 1983 claim, consequently **VACATING** the **ORDER** (Docket No. 60) and **JUDGMENT** (Docket No. 61) entered on July 31, 2006.

Furthermore, a Status Conference is to be held on May 2, 2007 at 4:00 p.m., to discuss further proceedings leading to an inevitable trial prior to September 2007.

**IT IS SO ORDERED AMENDING NUNC PRO TUNC OPINION & ORDER DATED MARCH 31ST, 2007.**

---

4. It is well settled that there is no requirement to exhaust state administrative procedures prior to the filing of a § 1983 claim, *McNeese v. Board of Ed. for Community Unit School Dist.,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Patsy v. Board of Regents of State of Fla.,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

5. The Court is of course well aware that collateral estoppel may be produced by final administrative decisions, notwithstanding that no exhaustion is required prior to filing a § 1983 claim. *Barreto Rosa v. Varona–Mendez,* 393 F.Supp.2d 122, 126–133 (D.P.R. 2005) affirmed under collateral estoppel/England Reserve doctrines at 470 F.3d 42, 47–48 (1st Cir.2006).