**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-2546

VIDAL PASTRANA-LÓPEZ,

Plaintiff, Appellant,

v.

PUERTO RICO FIRE DEPARTMENT, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Torruella, Stahl and Lipez,
Circuit Judges.

Julio C. Alejandro on brief for appellant.
Irene S. Soroeta-Kodesh, Solicitor General; Leticia
Casalduc-Rabell, Deputy Solicitor General; Zaira Z. Girón-Anadón,
Deputy Solicitor General; Susana I. Peñagarcíano-Brown, Assistant
Solicitor General, on brief for appellees.

July 23, 2009

**Per Curiam**.  This is an appeal from the dismissal of a complaint alleging that the lead plaintiff, Vidal Pastrana-López ("Pastrana"),[1] was terminated from his position in the Puerto Rico Fire Department in retaliation for publicly expressing his views concerning corruption at the Department.  The sole issue on appeal is whether the district court erred in determining that the applicable one-year statute of limitations began to run when Pastrana was notified of his proposed termination and that the complaint, filed more than one year after that notice, was therefore untimely.  For the reasons discussed below, we conclude that the district court did err in that respect--at least on the present record.

The parties correctly agree that section 1983 claims carry a one-year statute of limitations in Puerto Rico, Morán Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008); that such claims accrue "'when the plaintiff knows, or has reason to know of the injury on which the action is based,'" id. (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)); and that, in wrongful discharge cases, a plaintiff has the requisite knowledge when he "learns of the decision to terminate his employment," Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352-54 (1st Cir.

---

[1]The other plaintiffs are Pastrana's wife and their conjugal partnership.

1992).  The question here is when Pastrana learned of that decision.

The district court held that Pastrana learned of the decision on February 23, 2007, when he received a letter from the Fire Chief, which "put [him] on notice that he was being dismissed, and as such, marks the date of the accrual of [plaintiffs'] claim[s]."  Although the court acknowledged that Pastrana's "pre-termination hearing was held at a later date," that fact "d[id] not alter [the court's] analysis."

In discounting the later dates of the pre-termination hearing and of the post-hearing notice of dismissal that followed it, the district court relied primarily on our decision in Rivera-Muriente.  That reliance was misplaced.

In Rivera-Muriente, the plaintiff Rivera's alleged injury was that he was deprived of his employment without a pre-termination hearing.  Rivera-Muriente, 959 F.2d at 353.  We held that Rivera had notice of that injury when he was "cashiered" (i.e., given his accumulated vacation pay) and that the statute of limitations therefore began to run on that date, despite the fact that he had never received any written notice of his termination or any pre-termination hearing.  Id. at 353-54.  What mattered, we held, was that, by that date, he "reliably knew that he had lost his job."  Id. at 354.

-3-

By contrast, at least on the present record, it cannot be said that Pastrana "reliably knew" of his termination when he received the February 23rd letter. Rather, according to the complaint, which is unrefuted by any evidence of the actual letter itself, the letter was entitled "I Propose to Dismiss You" (emphasis added). Only after Pastrana requested and received a pre-termination hearing, was he notified, by letter dated April 2, 2007,[2] of his actual termination. It was only then that he "reliably knew" that he had been terminated. Because the plaintiffs filed their complaint within a year of that notice, the district court erred in holding that the complaint was time-barred. Accordingly, the dismissal is vacated and the case remanded for further proceedings. See 1st Cir. R. 27.0(c).

---

[2]The only copy of that notice in the district court record is in Spanish. Although the appellants included a certified English translation of that document in their appendix, we cannot consider it. Sanchez-Figueroa v. Banco Popular, 527 F.3d 209, 214 n.7 (1st Cir. 2008), cert. denied, 129 S. Ct. 1328 (2009).