**CITIZENS OF the KARST, INC., et al., Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants.**

Civil No. 14–1592 (FAB)

United States District Court, D. Puerto Rico.

Signed February 28, 2017

Miguel Sarriera–Roman, Miguel Sarriera Roman Law Office, Quebradillas, PR, for Plaintiffs.

Simi Bhat, Stacey M. Bosshardt, United States Department of Justice, Environment Defense Section, Environment and Natural Resources Division, Washington, DC, Rafael A. Toro–Ramirez, Toro & Arsuaga, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER [1]

BESOSA, District Judge.

This case arises from a controversy regarding a permit issued by the United States Army Corps ("Corps") to Energy Answers Arecibo, LLC ("Energy Answers") for the construction of a waste to energy resource facility in Arecibo, Puerto Rico.

Before the Court is Citizens of Karst, Inc., Fernando Marquez–Loyola, and Javier Biaggi–Caballero's motion to alter or amend the Court's Opinion and Order denying plaintiffs' motion for summary judgment. (Docket No. 50.) The Corps, General Thomas B. Bostick and Colonel Alan M. Dodd,[2] and Energy Answers opposed. (Docket Nos. 56, 57.)

For the reasons that follow, the Court **DENIES** plaintiffs' motion to alter or amend the judgment. (Docket No. 50.)

## I. MOTION TO ALTER OR AMEND THE JUDGMENT STANDARD

■ A motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." Sanchez–Perez v. Sanchez–Gonzalez, 717 F.Supp.2d 187, 194 (D.P.R. 2010) (Besosa, J.) (citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). "The rule[, however,] does not provide a vehicle for a party to undo its own proce-

dural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id. Rather, motions to amend or alter the judgment are appropriate "only if they seek to correct manifest errors of law, present newly discovered evidence, or when there exists an intervening change in law." Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion, 537 F.Supp.2d 295, 297 (D.P.R. 2010) (Dominguez, J.) (citing Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994).

## II. DISCUSSION

■ In its motion for summary judgment, plaintiffs claimed that the Corps violated the CWA and Corps regulations when it issued a CWA section 404 permit to Energy Answers without subjecting the revised compensatory mitigation to public notice and comment. (Docket No. 37 at pp. 16–17.) Energy Answers originally submitted an application to the Corps for the construction of an energy facility and its corresponding mitigation plan. (Docket No. 37 at p. 4.) The Corps issued a public notice of the application and plaintiffs commented on it. Id. After receiving the public's comments, Energy Answers revised its mitigation plan and submitted a new detailed mitigation plan that reduced its impact on the environment. Id. at pp. 4–5. The revised mitigation plan was not issued for a supplemental public notice and comment. Id. at p. 6.

Plaintiffs' "specific claim is that they were denied an opportunity to comment [on the] ... compensatory mitigation proposed by [Energy Answers]. ..." (Docket No. 37 at p. 12.) The Court, however, found that the Corps is obligated to issue a supplemental public notice only if "in its view there is a change in the application data that would affect the public's review of the proposal." (Docket No. 48 at p. 15.) See also 33 U.S.C. § 325.2(a)(2). The Court, relying on a steady

1. Natalia Vilá–Palacios, a second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Memorandum and Order.

2. In their official capacity as United States Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers, and as District Commander, U.S. Army Corps of Engineers, Jacksonville District.

line of case law, concluded that the lack of supplemental public notice would not affect the public's review of the proposal because the revised mitigation plan reduced the adverse environmental impacts and was proposed in response to the comments received. (Docket No. 48 at p. 19.)

In its motion to alter or amend the judgment, plaintiffs argue that the "Corps violated the requirement for public comment when it relied on non-public information that varied substantially from the information released to the public." (Docket No. 50 at p. 10.) Plaintiffs reaffirm that because the revised mitigation plan is "not [ ] a modified one, but [ ] a new and totally different one", the Corps had to issue a public notice for the plaintiffs to comment on it. Id. at p. 10.

Plaintiffs, nevertheless, do not point to any newly discovered evidence, any intervening change of law or any manifest error of law. See Rivera Surillo, 37 F.3d at 29. Rather, plaintiffs merely elaborate upon what appears to be their previous argument regarding their right to comment on the revised mitigation plan. Even if plaintiffs successfully argue that the claim in their motion to alter or amend the judgment is new, plaintiffs are impeded from seeking a reconsideration because the argument should have been brought prior to the Court's judgment. See Aybar, 118 F.3d at 16. Accordingly, plaintiffs have not provided any ground for the Court to reconsider its prior order.

## III.   CONCLUSION

For the reasons articulated above, plaintiffs' motion to alter or amend the judgment is **DENIED.**

**IT IS SO ORDERED.**